# UNITED STATES DISTRICT COURT
for the
Eastern District of California



FILED
MAR 19 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
One FLIR Cat Phone (IMEI # 1358138070387903), )
seized from James Scott Ferguson on March 3, 2018 ) 2:18-SW-0199-DB
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____EASTERN_____ District of _____CALIFORNIA_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute a Controlled Substance |

The application is based on these facts:

See Affidavit of U.S. Postal Inspector Jason Bauwens in Support of the Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason Bauwens, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____03/16/2018____

_____
*Judge's signature*

City and state: Sacramento, California     Hon. Deborah Barnes, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

I, Jason Bauwens, being first duly sworn, hereby depose and state as follows:

## I. AGENT BACKGROUND

1. I am a Postal Inspector with the U.S. Postal Inspection Service (USPIS). I am currently assigned to the Sacramento, California, office. My responsibilities include investigating criminal violations of federal and state law, including illegal narcotics and narcotics proceeds being sent through the U.S. Mail; money laundering; robbery and burglary of postal facilities; destruction of government property; theft/possession of stolen U.S. Mail; mail and bank fraud; and identity theft crimes.

2. I have been employed as a federal law enforcement agent for over 15 years, during which I have graduated from several federal training academies. In 1998, I graduated from the National Park Service Law Enforcement Academy in Sylva, North Carolina, which was a 10-week police academy. In 2003, I graduated from the National Park Ranger Integrated Police Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, which was a 16-week police academy. Most recently, I graduated from the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, which was a 12-week training program.

3. Throughout my career, I have investigated over 1,000 cases involving criminal violations of federal, state, and tribal laws. I have instructed hundreds of hours of training related to the detection, identification, and investigation of narcotics trafficking. I have testified as a witness in various federal and state court proceedings. I have participated in multiple Title III wire intercepts regarding narcotics trafficking investigations and have worked with numerous confidential sources.

4. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug-trafficking investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives.

5. I have received specialized training and instruction in narcotics investigation matters including drug interdiction, drug detection, money laundering techniques and schemes, and drug identification. I have participated in and led numerous investigations targeting individuals and organizations trafficking marijuana, methamphetamine, heroin, cocaine and other controlled substances and narcotics proceeds. During the course of these investigations, I have become familiar with the manner in which drug traffickers conduct their illegal operations. I have written numerous search warrants related to drug trafficking investigations, drug proceeds investigations, and drug parcel interdiction.

1

6. I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

7. The facts set forth in this affidavit are based on my personal knowledge; knowledge obtained from other individuals, including other law enforcement officers; interviews of persons with knowledge; my review of documents related to this investigation, interview reports and computer records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

8. This Affidavit contains information necessary to support probable cause for this search warrant application and does not contain every fact that I have learned during the course of this investigation; however, no information known to me that would tend to negate probable cause has been withheld from this affidavit.

## II.   PURPOSE

9. I submit this Affidavit in support of a warrant authorizing the search of the cellular phone described in **Attachment A**, and the seizure of any instrumentalities, fruits, and evidence contained therein, described in **Attachment B**, relating to James Scott FERGUSON's violation of 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute a Controlled Substance. This phone is currently located in the custody of the United States Postal Inspection Service, within the Eastern District of California.

10. The statements in this Affidavit are based in part on information provided to me by other law enforcement officers, police reports, and on my own investigation of this matter. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have only set forth facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of a violation of 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute a Controlled Substance, are located in the cellular phone, described in **Attachment A**.

## III.   FACTS ESTABLISHING PROBABLE CAUSE

Suspicious Mailings from California to South Dakota

11. Ryan Brandt is a Postal Inspector with the USPIS, in the Rapid City, South Dakota office. In March 2017, U.S. Postal Inspector Ryan Brandt discovered numerous suspicious mailings addressed to the street address of 834 East Tallent Street, in Rapid City, South Dakota. The suspicious mailings were sent from the same general area in California. The mailings took place almost monthly and all of them appeared to be the same general weight. Inspector Brandt began to monitor the mail delivered to the 834 East Tallent Street address to investigate future mailings.

12. On April 3, 2017, Inspector Brandt intercepted a mailing to 834 East Tallent Street. Inspector Brandt discovered the mailing's return address and the sender's name were

2

both fictitious. Based on my training and experience, I know that a fictitious return address is a common trait of a mailing containing narcotics, because the sender is attempting to remain anonymous.

13. The mailing was placed in a parcel lineup for a South Dakota State Trooper and his K-9 partner to walk by. The Trooper was unaware which parcel in the lineup was the intercepted mailing. The Trooper's K-9 partner alerted on the mailing addressed to 834 Tallent Street. The K-9 alert indicates the presence of narcotics or money and other items that have been contaminated with narcotics or derivative odors of narcotics.

14. Inspector Brandt obtained a federal search warrant (5:17-mj-48) for the intercepted mailing and executed it. The mailing contained approximately 14 grams of methamphetamine, including the wrapping.

Controlled Delivery of Methamphetamine to South Dakota House

15. Later that day (on April 3, 2017), investigators initiated a controlled delivery of the intercepted mailing to 834 East Tallent Street. The mailing was successfully delivered to Tammy Kruske, a resident of 834 Tallent Street. A South Dakota state search warrant for the house and Kruske's car was executed at that time. Law enforcement discovered marijuana, methamphetamine, three cellular phones, plastic baggies, and money transfer receipts and seized the items as evidence.

16. Investigators interviewed Tammy Kruske. Kruske gave Mirandized statements that her source for narcotics is James Scott FERGUSON in Vacaville, California. Kruske said FERGUSON has been sending her methamphetamine in the mail for approximately two years. Kruske said her husband, Kent Kruske, knows about the mailed methamphetamine and knows FERGUSON is the sender.

Search of South Dakota House

17. In the Kruske's home, investigators found Walmart-to-Walmart money transfer documents showing the Kruske's wired approximately $3,300 from Rapid City, South Dakota to FERGUSON in Vacaville, California from approximately September 2015 to March 2017.

18. Inspector Brandt later reviewed phones belonging to Tammy and Kent Kruske, pursuant to a search warrant. In the phones, Inspector Brandt found messages between the Kruskes and FERGUSON related to drug trafficking. Investigators determined FERGUSON was using the phone number 707-392-6904. The messages included information about mailing methamphetamine from California to South Dakota. The messages also included details about wiring money to FERGUSON. Picture messages from FERGUSON to the Kruskes showed pictures of U.S. Postal mailing labels with tracking numbers.

19. On April 24, 2017, Inspector Brandt interviewed Tammy Kruske. Kruske again confirmed FERGUSON as her source of methamphetamine. Kruske said FERGUSON has been sending her methamphetamine since 2015 and she had received more than 25 mailings. Kruske stated she uses Walmart-to-Walmart money services and wired FERGUSON approximately

3

$325 for 7 grams of methamphetamine on multiple occasions. Kruske said she would then receive methamphetamine in the U.S. Mail from FERGUSON.

FERGUSON Stopped and Arrested in California

20. On March 3, 2018, Solano County Sheriff's Office stopped FERGUSON because his car did not have a rear license plate. Officers arrested FERGUSON due to an extraditable warrant out of Texas. At the time of his arrest, FERGUSON had a cellular phone with number 707-392-9604 on his person. This is the same number used in drug trafficking communications with Tammy and Kent Kruske. FERGUSON's phone was seized incident to his arrest.

21. At the time of FERGUSON's arrest, officers booked the phone into property while FERGUSON was in custody. On March 5, 2018, I took custody of FERGUSON and of the phone.

## V.    CHARACTERISTICS OF DRUG TRAFFICKERS

22. A cellular phone (or wireless telephone, or wireless phone) is a handheld wireless device used for voice and data communication through radio signals. These phones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a call log, which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing text messages and electronic mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

23. Based upon my training and experience, including my direct experience in this investigation, I have developed knowledge regarding practices commonly used by drug traffickers and their organizations. I know it is common for narcotics traffickers to utilize cellular phones to facilitate their drug trafficking activities.

24. Cellular phones are digital devices that preserve in their memory a history of incoming, outgoing, and missed calls. This information can provide the telephone numbers of the illegal drug purchasers and/or other illegal drug traffickers and manufacturers. This information shows the dates and times these telephone users contacted one another and can be evidence of an ongoing illegal business. FERGUSON's phone likely contains a history of calls between him and the Kruskes and may also contain a history of calls between him and other drug traffickers.

25. Cellular phones also contain in their memory a telephone book, which allows the user to store telephone numbers and other contact information. This contact information can be evidence of associations held by the phone user. In the case of a drug trafficker, some of these associations may be related to the business. This contact information may also include

4

photographs, physical addresses, and electronic mail addresses, which may provide information about the identities of those involved and the scope of the business.

26. Cellular phones also contain in their memory text messages sent, received, and drafted by the user. This message history may contain evidence of drug trafficking because it captures the communications or planned communications between a drug trafficker and the telephone numbers of those with whom the trafficker intended to communication.

27. Drug traffickers and their associates commonly correspond and communicate using internet, instant messaging, social media, electronic mail, and phone text messages and that the computers and/or other electronic storage media in their possession may be used to prepare, create, and maintain writings, records, and documents relating to their activities and associations, including but not limited to the trafficking of controlled substances. In this case, it is likely FERGUSON's phone will have evidence of these communications, because similar evidence on the Kruske's phones includes FERGUSON's phone number.

28. Cellular phones also have a voicemail function that allows callers to leave messages when the telephone user does not answer. Drug traffickers and manufacturers sometimes leave voice messages for each other. These voice messages may be evidence of their mutual association and joint criminal activity. These voice messages may be evidence of an ongoing illegal business.

29. I know drug traffickers, like many individuals, use GPS units for travel directions. These GPS units can be standalone devices manufactured for that single purpose or applications used through cellular "smart" phones. Many smart phones and GPS units are programmed with addresses from around the United States. A user can enter nearly any address and the GPS function will provide a travel route for the user. Most smart phones and GPS units automatically track the route a user takes and can backtrack the route to the point of origin.

30. Cellular phones also contain photographic data files, which can be evidence of criminal activities. I know Drug traffickers take or cause to be taken photographs and videos of themselves, their associates, their assets, their travels, and their product. Drug traffickers usually maintain these photographs and videos in their possession, or within their residences, computers, cellular phones, vehicles, and/or other locations over which they maintain dominion and control. In this case, it is likely FERGUSON's phone will contain picture messages of U.S. mailings to the Kruskes, with tracking numbers.

31. I know it is common practice for drug traffickers to maintain in their residences, and/or other locations over which they maintain dominion and control, records relating to their drug trafficking activities. Because drug traffickers in many instances will "front" (that is, sell on consignment) controlled substances to their clients, or alternatively, will be "fronted" controlled substances from their suppliers, such record-keeping is necessary to keep track of amounts paid and owed, and such records will also be maintained close at hand so as to readily ascertain current balances. Often drug traffickers keep "pay and owe" records (drug ledgers) to show balances due for drugs sold in the past ("pay"), and for payments expected ("owe") as to the trafficker's supplier and the trafficker's dealer(s). Such records can be maintained on cellular phones in the "notes" function, or elsewhere.

5

32. It is common practice for drug traffickers to use wire transfers, cashier's checks, and money orders to pay for expenses associated with services to facilitate their illegal activities. Evidence of such financial transactions and records relating to income and expenditures of money and wealth in connection with drug trafficking would also typically be maintained in a locations over which they maintain dominion and control, including cellular phones. In this case, it is likely FERGUSON's phone will contain evidence of money transfers between him and the Kruskes in text messages and picture messages, as similar evidence was discovered on the Kruske's phones.

33. I know that a Subscriber Identity Module ("SIM") card is a portable memory chip predominantly used in cellular phones that holds information regarding the phone's number, address, book, text messages, and other data. SIM cards can typically be removed from a phone and placed in another phone, retaining its original data. SIM cards usually have a unique number associated with it so that it can be associated with a particular cell phone service provider. A cellular phone's SIM card may include evidence of illegal drug trafficking, such as information about past or future sales, business records, and photographs, among other things.

## VI.   CONCLUSION

34. Based upon the foregoing, your Affiant submits there is probable cause to believe the described cellular phone is evidence of, and contains evidence of a violation of 21 U.S.C. § 841(a)(1).

_____
Jason Bauwens
U.S. Postal Inspector

Approved as to form:

_____
Quinn Hochhalter
Assistant United States Attorney

Sworn and Subscribed to me on March 16, 2018

_____
Hon. Deborah Barnes
United States Magistrate Judge
Eastern District of California

6

## ATTACHMENT A

*Description of the Item to be Searched*

The authority to search includes the following electronic device seized from James Scott Ferguson on March 3, 2018:

1. One FLIR Cat Phone (IMEI # 1358138070387903)

## **ATTACHMENT B**

### *List of Items to be Searched for and Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of a violation of 21 U.S.C. § 841(a)(1) (Possession With Intent to Distribute a Controlled Substance):

1. Records and information, electronic mail messages, text messages, browser history, "bookmarked or favorite" web pages, search terms that the user entered into any internet search engine as well as any deleted data, receipts, notes, ledgers, and other information relating to the possession, sale and transfer of controlled substances.

2. Electronic media in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or any other media that can store data) relating to the possession, sale and transfer of controlled substances. Including, but not limited to:

    a. All contact information, names, aliases, and telephone numbers stored in the phone, including any telephone number directory stored in the memory of the phone;

    b. All telephone calls made, missed, or received that are stored in the memory of the phone;

    c. All text messages sent or received, or made but not sent, that are stored in the memory of the phone;

    d. The content of any and all voicemail messages;

    e. All images, photographs, and videos, sent or received, that are stored in the memory of the phone; and

    f. Any and all records, showing dominion, ownership, custody, or control over the phone.

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>One FLIR Cat Phone (IMEI # 1358138070387903),<br>seized from James Scott Ferguson on March 3, 2018 | )<br>)<br>)  Case No.<br>)<br>)  2:18-SW-0199-DB<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     EASTERN     District of     CALIFORNIA
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     March 30, 2018
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
 any magistrate judge of the Eastern District of CA    .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3-16-18
@ 4:00 pm                                          _____
                                                    *Judge's signature*

City and state:   Sacramento, California          Hon. Deborah Barnes, U.S. Magistrate Judge
                                                   *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date. _____
*Signature of Judge* _____ *Date*